UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JANSSEN LEE CLINKSCALES**  BOP #16842—171 | : | **CIVIL ACTION NO. 15-cv-1627**  **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Janssen Lee Clinkscales (hereinafter "Clinkscales"). Clinkscales is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

On November 20, 2009, Clinkscales pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), § 924(a)(2), and § 924(e). *United States v. Clinkscales*, No. 6:09-cr-434, at doc. 89 (D. S.C. Jun. 23, 2010). On May 13, 2010, he was sentenced in South Carolina to 180 months incarceration. *Id.* at doc. 93. Clinkscales did not appeal his conviction.  Doc. 1, p. 2.

On June 30, 2011, Clinkscales filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence in the Southern District of South Carolina. *United States v. Clinkscales*, No. 6:09-cr-434, at doc. 105. It was denied on January 17, 2014. *Id.* at doc. 119.

On April 29, 2015, Clinkscales signed and dated the instant *habeas* petition (received and filed by the court on May 4, 2015), claiming that, pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Persaud v. United States*, __ U.S. ___, 134 S. Ct. 1023 (2014), and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), he is actually innocent of the armed career criminal designation as the offenses to which he pleaded guilty are non-violent and do not qualify as predicate offenses for career offender status. Doc. 1, p. 4. Clinkscales also claims that the government failed to apply a modified categorical approach to his sentencing. *Id.* He further requests that the court hold this case in abeyance pending the United States Supreme Court's ruling in *Johnson v. United States*, __U.S. ___, 2015 WL 2473450 (2015).[1] Doc. 1, p. 5.

## II.
### LAW AND ANALYSIS

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, Clinkscales collaterally attacks his incarceration by challenging the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 motion to vacate.

---

[1] *Johnson* was decided by the United States Supreme Court on June 26, 2015.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830.

Clinkscales does not satisfy the criteria set forth above. His reliance on *Descamps*, *Persaud*, *McQuiggins*, and *Johnson* is misplaced as the Supreme Court has not made any of the cited cases retroactively applicable on collateral review. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Fifth Circuit has already found that this was not the case for *Descamps*. *See In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015).

The Fifth Circuit also addressed the retroactive applicability of *Persaud* recently in *Sharbutt v. Vasquez*. 600 Fed. App'x 251 (5th Cir. 2015) (unpublished opinion). The court stated that "Sharbutt's contention that *Persaud* … stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision." *Sharbutt*, 600 Fed. App'x at 252.

Likewise, the Fifth Circuit has rejected a federal inmate's attempt to proceed under the savings clause with claims based on *McQuiggin*. *See Griffin v. Longley*, 548 Fed. App'x 146 (5th Cir. Dec. 3, 2013) (unpublished). There the court stated that *McQuiggin* . . . does "not support a holding that Griffin's claim is based on a retroactively applicable Supreme Court opinion indicating that he was convicted [in 1999] of a nonexistent offense and that his claim was foreclosed when it otherwise should have been raised." *Id.* at 147 (citing *Reyes–Requena*, 243 F.3d at 904).[2]

Clinkscales fares no better in regard to the recent Supreme Court holding in *Johnson*. His reliance on *Johnson* does not render a different result from his reliance on *Deschamps*, *Persaud,* and *McQuiggin*. Though the Fifth Circuit has not yet addressed this issue, we can find no indication from the Supreme Court within *Johnson* that its decision in *Johnson* should be given retroactive application to a case on collateral review.

Furthermore, the Fifth Circuit disallows claims attacking sentence enhancements under the savings clause. *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011).  A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Id.*; *see also Kinder v. Purdy,* 222

---

[2] Neither *Descamps* nor *McQuiggin* have been made retroactively applicable to cases on collateral review. See *Tyler v. Cain*, 533 U.S. 656, (2001) (holding that a new rule is not made retroactive to cases on collateral review unless the Supreme Court expressly holds it to be retroactive).

F.3d 209, 213, 214 (5th Cir. 2000) (claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

Here Clinkscales is attacking a sentence enhancement rather than claiming innocence of the crime of conviction. Therefore Clinkscales fails to invoke the savings clause by citing a Supreme Court case with retroactive application and he also fails to invoke § 2241 by claiming actual innocence of the crime of conviction.

### III.
### CONCLUSION

Since Clinkscales has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

- 6 -

**following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

     THUS DONE this 26th day of October, 2015.

                         _____
                                KATHLEEN KAY
                       UNITED STATES MAGISTRATE JUDGE